IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHERI TROZZI<br>c/o Zipkin Whiting<br>3637 Green Road<br>Beachwood, Ohio 44122<br><br>Plaintiff<br><br>-vs-<br><br>LAKE COUNTY<br>105 Main Street<br>Painesville, Ohio 44077<br><br>and<br><br>DANIEL DUNLAP<br>(In His Individual and Official Capacities)<br>7320 Morley Road<br>Painesville, Ohio 44077<br><br>and<br><br>DIANE SNOW<br>(In Her Individual and Official Capacities)<br>1106 Dalton Road<br>Painesville, Ohio 44077<br><br>and<br><br>RYAN STAKICH<br>(In His Individual and Official Capacities)<br>8133 Broadmoor Road<br>Mentor, Ohio 44060<br><br>and<br><br>SCOTT CAPRON<br>(In His Individual and Official Capacities)<br>408 Atwood Street NW<br>Warren, Ohio 44483<br><br>Defendants. | Case No.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

1

Now comes Plaintiff Sheri Trozzi, by and through undersigned counsel, and hereby states her Complaint against Defendants as follows:

## Jurisdiction and Venue

1. This action arises under the laws of the United States, and jurisdiction is conferred on this Court under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2. Venue in the Northern District of Ohio is proper under 28 U.S.C. § 1391(b), because it is the district in which all of the Defendants reside, and because a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## Parties

3. All of the foregoing paragraphs are incorporated as though fully set forth here.

4. Plaintiff Sheri Trozzi was a resident of Lake County, Ohio at all times relevant to this action. Plaintiff Trozzi brings this action to enforce her rights under the United States Constitution.

5. Defendant Lake County is a unit of local government organized under the laws of the State of Ohio. Defendant Lake County is a "person" under 42 U.S.C. § 1983. At all times relevant hereto, Defendant Lake County acted under the color of law.

6. Defendant Daniel Dunlap was a resident of Lake County, Ohio at all times relevant to this action. Defendant Dunlap is a "person" under 42 U.S.C. §

1983. At all times relevant hereto, Defendant Dunlap acted as sheriff for Lake County and under the color of law.

7. Defendant Diane Snow was a resident of Lake County, Ohio at all times relevant to this action. Defendant Snow is a "person" under 42 U.S.C. § 1983. At all times relevant hereto, Defendant Snow acted as a nurse for Lake County and under the color of law.

8. Defendant Ryan Stakich was a resident of Lake County, Ohio at all times relevant to this action. Defendant Stakich is a "person" under 42 U.S.C. § 1983. At all times relevant hereto, Defendant Stakich acted as a correctional officer for Lake County and under the color of law.

9. Defendant Scott Capron was a resident of Trumbull County, Ohio at all times relevant to this action. Defendant Capron is a "person" under 42 U.S.C. § 1983. At all times relevant hereto, Defendant Capron acted as a correctional officer for Lake County and under the color of law.

## Facts

10. All of the foregoing paragraphs are incorporated as though fully set forth here.

11. This is a civil rights action. The Defendants' deliberate indifference to Plaintiff Trozzi's serious medical needs caused her to develop a severe stomach ulcer, which required her to undergo and endure highly invasive stomach surgeries.

12. In the summer of 2014, Plaintiff Trozzi underwent gastric bypass surgery.

13. As a result, her doctor prescribed her Protonix, which she needed to take to prevent the onset of stomach ulcers.

14. The gastric bypass surgery made Plaintiff Trozzi susceptible to stomach ulcers and she was required to take Protonix.

15. On March 30, 2018, Plaintiff Trozzi was arrested in Mentor following a traffic stop.

16. Her car was impounded and she was later booked into Defendant Lake County's jail.

17. On a "Lake County Adult Detention Facility" form, Nurse "S. Watson" noted that Plaintiff Trozzi was "[r]ebooked without meds".

18. Plaintiff Trozzi's Protonix was in her impounded car.

19. While in Defendant Lake County's custody, Plaintiff Trozzi, both verbally and in writing, requested her Protonix, and she explained that she needed it in order to prevent the onset of stomach ulcers.

20. But her requests fell on deaf ears. Defendants Lake County and Dunlap's policy, practice and/or custom did not allow for the Protonix to be obtained from Plaintiff Trozzi's impounded car. As the days went by, Plaintiff Trozzi's abdominal pain became increasingly painful.

21. On April 10, 2018 and on a "Lake County Adult Detention Facility Inmate Request" form, Plaintiff Trozzi wrote, "because of my surgery I need to be put back on my stomach medicine, Protonix 40mg. It prevents ulcers + I am already beginning to develop one."

22. Notwithstanding, Plaintiff Trozzi was advised that she could not see a doctor until April 13, 2018, and she remained separated from her Protonix.

23. On April 12, 2018 and on a "Lake County Adult Detention Facility Incident Report" form, Defendant Stakich noted the following:

> On 4-12-18 at 0220 hours, inmate Trozzi 2C#2L called Officer Zupancic in the tower claiming to be suffering from severe abdominal pains. Officer Zupancic advised me of this and I immediately responded to inmate Trozzi's cell. I found inmate Trozzi sitting on the edge of her bunk, doubled over in pain. She claimed to have had stomach issues in the past and a surgery a couple of years ago. . . . Inmate Trozzi could not walk under her own power, so I brought a wheelchair to her. At 0230 hours inmate Trozzi's vitals were taken by Sgt. Capron. Her vitals were 131/96, SPO 100, HR 86. Inmate Trozzi was given a Bismuth tablet to see if it would settle her stomach down. Due to the fact that inmate Trozzi still seemed to be in significant pain, Sgt. Capron ordered her to be relocated to Female Holding until cleared by Medical. . . . Sgt. Capron called Nurse Snow and advised her of the situation. Nurse Snow agreed to have Trozzi isolated until seen in a.m. sick call. I packed all of inmate Trozzi's belongings and brought them to Female Booking.

24. Additionally, Plaintiff Trozzi was covered in her own urine and feces, and no one would help her change.

25. Despite knowing the grave condition Plaintiff Trozzi was in, Defendant Stakich put Plaintiff Trozzi in isolation, where he knew she would not receive medical care and attention. Defendant Stakich knew it would be hours until Defendant Snow arrived for "a.m. sick call." Defendant Stakich was deliberately indifferent to the serious medical needs of Plaintiff Trozzi.

26. Despite knowing the grave condition Plaintiff Trozzi was in, Defendant Capron merely ordered that Plaintiff Trozzi be moved from one location in

5

the jail to another, where he knew she would not receive medical care and attention. Defendant Capron knew it would be hours until Defendant Snow arrived for "a.m. sick call." Defendant Capron was deliberately indifferent to the serious medical needs of Plaintiff Trozzi.

27. Defendants Stakich and Capron acted pursuant to Defendants Lake County and Dunlap's policy, practice and/or custom.

28. When Defendant Snow finally arrived and attended to Plaintiff Trozzi approximately five hours and forty minutes later at 8:00 AM on April 12, 2018, Plaintiff Trozzi, while hysterically crying in grave condition, advised Defendant Snow that she was developing a stomach ulcer and needed her prescribed Protonix.

29. In response, Defendant Snow said, "Stop right there, Ms. Trozzi. You need to calm yourself. You are obviously not ready to talk to me. I'll be back before the end of my shift."

30. Despite knowing the grave condition Plaintiff Trozzi was in, Defendant Snow deliberately failed to give Plaintiff Trozzi adequate medical care and attention.

31. Hours passed before Defendant Snow came back. When she did, she said, "Ms. Trozzi, you need to shut the f*** up. You are obviously exaggerating and lying and I don't want to hear another f***ing word from or about you. If I hear anything, even a peep from you, you will be thrown in the hole [solitary

confinement]. There is absolutely nothing anyone here can or will do for you. You are on the 'sick list' to be seen by the doctor tomorrow."

32. Defendant Snow again deliberately failed to attend to Plaintiff Trozzi's serious medical needs.

33. The next day, on April 13, 2018, Plaintiff Trozzi was finally seen by a doctor. Plaintiff Trozzi was still covered in her own urine and feces, in addition to bloody vomit, and she was still unable to walk. The doctor quickly recognized Plaintiff Trozzi was in grave condition and immediately ordered her to be taken by ambulance to the hospital, where she underwent emergency surgery.

34. In his April 13, 2018 "POSTOPERATIVE DIAGNOSES/OPERATIVE FINDINGS", Dr. Tomasz Rogula, MD, PhD. found Plaintiff Trozzi had indeed suffered an ulcer, in addition to the following:

    1. Septic shock.
    2. Very large intrahepatic abscess localized in the edge of the left lobe of the liver measuring about 10 cm.
    3. Large multiple abscesses localized between the left lobe of the liver, spleen, remnant stomach, gastric pouch, and the left diaphragm.
    4. Large perforated marginal ulcer localized at the gastrojejunal anastomosis with at least 1 cm opening into the peritoneal.

35. As a result of Defendants' conduct, Plaintiff Trozzi suffered economic injury and various physical, mental and emotional injuries in jail, and she continues to suffer today and she will suffer in the future.

36. As a result of Defendants' conduct, Plaintiff Trozzi underwent and endured multiple surgeries during her yearlong hospitalization and she is

7

permanently scarred as a result of Defendants' deliberate indifference to her serious medical needs.

## COUNT 1
### 42 U.S.C. § 1983 - Eighth and Fourteenth Amendments
### Against Defendants Diane Snow, Ryan Stakich and Scott Capron

37. All of the foregoing paragraphs are incorporated as though fully set forth here.

38. Under the color of law, Defendants Snow, Stakich and Capron deprived Plaintiff Trozzi of the rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, including the right to receive adequate medical care and attention as a jail inmate.

39. Defendants Snow, Stakich and Capron were each deliberately indifferent to the serious medical needs of Plaintiff Trozzi, as described above.

40. Defendants Snow, Stakich and Capron each saw the condition Plaintiff Trozzi was in.

41. Defendants Snow, Stakich and Capron each caused Plaintiff Trozzi harm, through their acts and failures to act, as described above.

42. Defendants imposed cruel and unusual punishment upon Plaintiff Trozzi, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of the Defendants' conduct, Plaintiff Trozzi's constitutional rights were violated and she suffered injuries and damages,

including but not limited to physical sickness and injury, physical pain and suffering, emotional pain and suffering, lost wages, permanent scarring and other grievous and continuing injuries and damages.

44. Defendants are jointly and severally liable for this conduct.

### COUNT 2
### 42 U.S.C. § 1983 - *Monell* Policy and Practice Claim
### Against Defendants Lake County and Daniel Dunlap

45. All of the foregoing paragraphs are incorporated as though fully set forth here.

46. The actions and inactions of Defendants Snow, Stakich and Capron, as described above, were undertaken pursuant to policies, practices and/or customs of Defendants Lake County and Dunlap, who acted under the color of law.

47. Defendants Lake County and Dunlap approved, encouraged and/or ratified Defendants Snow, Stakich and Capron's conduct.

48. Defendants Lake County and Dunlap's policy, practice and/or custom includes the failure to adequately train, supervise, monitor and discipline Lake County jail personnel, including Defendants Snow, Stakich and Capron, who engage in constitutional violations.

49. Defendants Lake County and Dunlap's policy, practice and/or custom allow inmates to be housed without their prescribed medication.

50. Defendants Lake County and Dunlap's policy, practice and/or custom do not grant correctional officers or nurses the authority to provide inmates the emergency medical treatment they need.

51. One or more of the polices, practices and/or customs was maintained and implemented by Defendants Lake County and Dunlap with deliberate indifference to Plaintiff Trozzi's constitutional rights and were a moving force behind the violations of those rights.

52. These widespread practices were so well-settled as to constitute de facto policy and were allowed to exist because policymakers with authority over the conduct exhibited deliberate indifference to the problems, thereby effectively ratifying them.

53. As a direct and proximate result of Defendants Lake County and Dunlap's actions and inactions, Plaintiff Trozzi's constitutional rights were violated and she suffered injuries and damages, including but not limited to physical sickness and injury, physical pain and suffering, emotional pain and suffering, lost wages, permanent scarring and other grievous and continuing injuries and damages.

54. Defendants are jointly and severally liable for this conduct.

### Prayer for Relief

WHEREFORE, Plaintiff Sheri Trozzi respectfully requests that the Court grant her judgment against Defendants, jointly and severally, as follows:

A. That the Court award Plaintiff Trozzi compensatory damages, economic and noneconomic, for the physical sickness and injury, physical pain and suffering, emotional pain and suffering, lost wages, permanent scarring and other grievous and continuing injuries and damages she suffered and will suffer in the future;

B. That the Court award Plaintiff Trozzi punitive damages against each individual Defendant due to their malicious misconduct, willfulness, wantonness, recklessness and conscious disregard for Plaintiff's rights and safety;

C. That the Court award Plaintiff Trozzi attorney and expert fees pursuant to 42 U.S.C. § 1988, costs, and interest; and

D. That the Court award Plaintiff Trozzi such other and further relief as may be just, equitable and proper.

    Respectfully Submitted,

*/s/ Kevin M. Gross*
Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)
ZIPKIN WHITING CO., L.P.A.
The Zipkin Whiting Building
3637 South Green Road
Beachwood, Ohio 44122
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com
Phone: 216-514-6400
Fax: 216-514-6406

*Attorneys for Plaintiff Sheri Trozzi*

## Jury Demand

Plaintiff Sheri Trozzi hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

> /s/ Kevin M. Gross
> *Attorney for Plaintiff Sheri Trozzi*